# PD-0897-15

IN THE SUPREME COURT OF TEXAS

AUSTIN, TEXAS

NO. _____

IN RE

BRYAN CHANCE MCBEE

APPEAL·FROM

COURT OF APPEALS

NINTH DISTRICT OF TEXAS AT BEAUMONT

NO. 09-15-00179-CR

Trial Court No. 13-04-03591-CR

221st District Court of Montgomery County

Conroe, Texas

FILED
IN SUPREME COURT
OF TEXAS

JUL 16 2015

BLAKE HAWTHORNE, Clerk
BY PATRICK D. PASSMORE, Deputy

PETITION FOR REVIEW

Bryan Chance McBee

Petitioner
200 Lee Morrison Lane
Bryan, Texas 77807

REQUEST FOR A HEARING IN LEAVE TO PROCEED

## IDENTITY OF PARTIES AND COUNSEL

Bryan Chance McBee                                          Petitioner
200 Lee Morrison Lane Hamilton
Bryan, Texas 77807

Respondents

Judge Lisa Michalk, 221st District Court of Montgomery, County
207 W. Phillips St., Ste, 300
Conroe, Texas 77301

Natalie Traylor, Assistant Coordinator
Jennifer Wade 221st District Court of Montgomery County,
207 W. Phillips St. Ste. 300
Conroe, Texas 77301

McKeithen, C.J., Kreger and Johnson, JJ.,
Ninth Court of Appeals
1001 Paerl
Beaumont, Texas

Montgomery District Attorney's Office
207 W. Phillip St.
Conroe, Texas 77301

CONTENTS OF PETITION        PAGE

Identity of parties and counsel

Table of Contents      i

Index of Authorities      ii,iii

Statement of the case      1,2

Statement of jurisdiction      2,3

Issues presented      2

     Whether there is a conflict between the courts of appeals
     on an important point of law

     Whether the Court of Appeals had authority to review an extra-
     ordinary remedy on its own motion the court took notice sua
     sponte that it lacked kurisdiction over the case

     Whether it is an abuse of discretion for the trial court
     has an official duty to manage the court supervision

Statement of facts      2,3

Summary of the argument      3, 4

Argument      4,5,6,7,8,9,10,11,12,13,14

Prayer      13,14

Certificate of Service      14

Verification      14

Appendix

INDEX OF AUTHORITIES                    PAGE

CASES

Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex.1991)13

Boddie v. Connecticut, 91 S.Ct. 780 (1971)                    7

Callahan v. Giles, 131 Tex. 571, 155 S.W.2d 793, 795 (194 ) 10

Canadian Helicopter Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.1994)10

Creel v. District Atty. for Medina County, 818 S.W.2d 45, 46

                                          (Tex.1991)    10

Emiatt v. State, 206 S.W.3d 657, 664 (Tex.Crim.App.1987)    10

Ex parte Harrington, 310 S.W.3d 452  (Tex.Crim.App.2010)    11

Ex parte Lockett, 956 S.W.2d 41, 42 (Tex.Crim.App.1993)     11

In re Davidson, 153 S.W.3d 490, 491 (Tex.App.-Amarillo 2004)9

In re McAllen, 275 S.W.3d at 464                            12

In re Reece, 341 S.W.3d 360 (Tex.2011)                     12

In re Reprudential Ins. Co. of Am, 148 S.W.3d 124 (Tex.2004)12

Lyles v. State, 850 S.W.2d 497, 502 (Tex.Crim.App.1993)     11

Metzer v. State, 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.]

                                          1994) 9

Mattox v. Grimes County Com'er Court, 305 S.W.3d 375 (Tex.    13

                        App.-Houston [14th Dist.]2010)

M.L.B. v. S.L.J., 117 S.Ct. 555 (1996)                     7

Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.1980)11

Padieu v. Court of Appeals of Tex., Fifth Dist., 392 S.W.3d 115,

                        117-18 (Tex.Crim.App.2013)8

Rivercenter Assoc. v. Rivera, 858 S.W.2d 366, 367 (Tex.1993)10

State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.Crim.App.

                                          1987)    10

stoner v. Massey, 586 S.W.2d 843, 846 (Tex.1979)                    8

Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992)                   10

Westerman v. Mims, 111 Tex.29, 227 S.W. 178, 181 (1921)           10

White v. Reiter, 640 S.W.2d 586, 596 (Tex.Crim.App.1982)         10

RULES AND STATUTES

Government Code § 51.606                                            7

              § 22.221 (a)(b)(c)                          2,10.11

              § 52.047 (a)(1)(2)                               6

              § 411.194 (a)(b)(c)                            6,7

Code of Criminal Procedure

Article 11.07                                                     11

Article 11.07, §§ 2,3                                             6

Rules of Appellate Procedure

Rule 9.5                                                          8

Rule 20                                                           6

Rule 34.5(g)                                                      6

Rule 34.6(h)                                                      6

Rule 52.7(a)(1)                                                   8

Rule 53.2                                                         2

## STATEMENT OF THE CASE

This is a case in seeking a petition for writ of mandamus to issue an Order on the trial court judge to direct the court coordinator to docket this motion for Intra Loan of the Appellate Records that has been filed with the Court by the Clerk. The Court Coordinator has refused to set the matter for a hearing.

Bruan Chance McBee appeals from his third-degree felony conviction for assault on a family member. See Tex.Penal Code Ann.§22.01(a)(1), (b)(2) (West Supp.2013). The jury found McBee guilty and assessed punishment at eight years in prison. McBee was convicted of assaulting T.P., a 47 year old female.

Respondent is a judge Lisa Michalk, 221st Judicial District Court of Montgomery County, Texas, 207 W.Phillips St., Ste 300, Conroe, TX 77301

Respondent Natalie Traylor, Assistant District Coordinator, Jennifer Wade of the 221st Judicial District Court of Montgomery County, Texas 207 S.Phillips St., Ste 300, Conroe, TX 77301

The Respondents has failed to set the pleadings for a hearing on a motion to compel a ministerial act, not involving a discretionary or judicial decision. The Clerk's Office filed the Motio To Compel on March 2, 2015, for the Court Coordinator to document the matters for hearing to allow the Clerk to bring the file to the trial court on the date of the hearing for an in chambers ruling, to allow the Relator the right for Intra Loan of the trial Clerk's records to be mailed to the Hamilton Unit Law Library Supervisor for checking out to the offender to review them for 2 hour sessions Monday through Saturday for 30 days to prepare

1

his petition.

The Ninth Court of Appeals issued the Original Opinion on April 9, 2014. Before McKeithen, C.J., Kreger and Johnson, JJ., in No. 09-13-00232-CR On Appeal from the 221st District Court Montgomery County, Texas Trial Court Cause No. 13-04-03591-CR.

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to Government Code § 22.221(a)(b)(c); Rule 53.2 Rules of Appellate Procedure.

Courts will issue mandamus to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal.

This Supreme Court has jurisidction to review the Ninth Court of Appeals Opinion decided on May 26, 2015.

## ISSUED PRESENTED

Whether there is a conflict between the courts of appeals on an important point of law

Whether the Court of Appeals had authority to review an extraordinary remedy

on its own motion the court took notice sua sponte that it lacked jurisdiction over the case

Whether it is an abuse of discretion for the trial court has an official duty to manage the court supervision

## STATEMENT OF FACTS

The Clerk filed the Motion To Compel the Court Coordinator to these matters for a In Camera hearing on March 2, 2015, it has been pending over 30 days and no hearing has been documented

2

as requested in a timely manner. Generally, a document is considered "filed when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." A party seeking mandamus relief must show that (1) the trial court had a legal duty to act, (2) there was a demand for performance, and (3) there was a refusal to act. The trial judge is the supervisor over his court to make sure that all duties are conducted in an ministrerial performance. These duties where neglected or refused by the court personnel or under the authority of the trial judge per se.

## SUMMARY OF THE AURGUMENT

Trial court has discretion to change its mind about interlocutory orders so long as that change does not deprive a party of the opportunity to litigate the determinative issues in the case. "[A]s a general rule, the appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial courts fact findings are based on an evaluation of credibility and demeanor.

To ensure that mandamus remains extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain relief they seek, and carry burden of showing that their right to issuance of writ is clear and indesputable.

Verification is contained in the petition does qualify Inmate Litigation is a question of fact containing a challenge to receiving access to the Clerk's records to present the supporting facts to his claim are on file in the Court's record is entitled to

3

leniency subject to supplement, subpeona of the records to be made available to the Courts on review per se. To apply a higher standard of review on the offender is considered a denial of access of a full review of the merits of the claim for review for a fact finding process. That would allow the Courts to gress at the proof of a material fact issue per se.

Once jurisidction of an appellate court is invoked, [] exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute.

ARGUMENT

Petitioner presented a series of events that are ministerial duties of performance of the Court's personnel that is under a rule to provide access to the courts. Once the authority fails remedies becames an issue of law. Relator seeks mandamus relief from an alleged refusal by the trial court to rule on the motion to compel the coordinator to set these matters for a in camera hearing to allow the Clerk to bring the file to the Court for a ruling on his Motion For Intra Loan of the Appellate records of the Court for reviewing through the Hamilton Unit Law Library in  preparation of his petition to be filed in the trial court. See Memorandum Opinion Bryan Chance McBee petitioned for a writ of mandamus compelling the judge of the 221st District Court of Montgomery County to require the court coordinator to set for hearing McBee's motion for a loan of the duplicate record that was prepared for an appeal. See generally Tex.R.App.P. 34.5(g), 34.6(h).

4

Petitioner did present his claim in the area of loan of the record through an agency of the State of Texas Department of Criminal Justice - Institutional Division Hamilton Unit Law Library Access to Courts personnel as a supervisor control and maintain the records under lock and key for the offender to check out Monday through Saturday session for 2 hours through a control log I83 sign out logging procedure. Which this procedure has been available to the offenders through the access to courts since 1996. This available access is being denied through of Rules or Procedures that the Court of Appeals has made their own sua sponte ruling on the facts of their discovery from the pleadings that where made available to them per se. See supra Rule 34.5(g) Additional copies of clerk's record in criminal cases. In criminal case, the clerk's record must be made in duplicate, and in a case in which the death penalty was assessed, in triplicate. The trial court clerk must retain the copy or copies for the parties to use with the court's permission.

Rules of Appellate Porcedure Rule 36.6(h) Additional copies of reporter's record in criminal cases. In a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk. In a case where the death penalty was assessed, the court reporter must prepare two duplicates of the reporter's record.

In this case the records was prepared by the Clerk and Court Reporter in Case No. 09-13-00232-CR and an opinion issued April

5

9, 2014. A copy of the records are maintained in the Ninth Court of Appreals from 25 years and 15 years in the trial court in Cause No. 13-04-03591-CR. This is not a case where the records has not been prepared. The situation is where the defendant has not had the records to prepare his petition for discretionary review and/or a application for writ of habeas corpus pursuant to Article 11.07, § 2,3 of the Code of Criminal Procedure.

Government Code § 52.047. Transcripts

(a) A person may apply for a transcript of the evidence in a case reported by an official court reporter. The person must apply for the transcript in writing to the official court reporter. The official court reporter shall furnish the transcript to the person not later than the 120th day after the date the:

(1) application for the transcript is received by the reporter; and

(2) transcript fee is paid or the person establishes indigency as provided by Rule 20, Texas Rules of Appellate Procedure.

Government Code § 411.194. Reduction of Fees Due to Indigency

(a) Notwithstanding any other provision of this subchapter, the department shall reduce by 50 percent any fee required for the issuance of an original, duplicate, modified, or renewed license under this subchapter if the department determines that the applicant is indigent.

(b) The department shall require an applicant requesting a reduction of a fee to submit proof of indigency with the application materials.

6

(c) For purposes of this section, an applicant is indigent if the applicant's income is not more than 100 percent of the applicable income leve established by the federal poverty guidelines.

Government Code § 411.197 Rules

The director shall adopt rules to administer this subchapter.

Indigency, The state or condition of a person who lacks the means of subsistence; extremehardship or neediness; poverty.

Indigent, A person who is found to be financially unable to pay filing fees and court costs and is allowed to proceed in forma pauperis. The Supreme Court has recognized an indigent petitioner's right to have certain fees and costs waived in divorce and termination-of-parental-rights cases. Boddie v. Connecticut, 91 S.Ct. 780 (1971); M.L.B. v. S.L.J., 117 S.Ct. 555 (1996).


Government Code § Prohibited Fees § 51.606

A clerk is not entitiled to a fee for:

(1) the examination of a paper or record in the clerk's office;

(2) filing any process or document the clerk issues that is returned to court;

(3) a motion or judgment on a motion for security for costs;or

(4) taking or approving a bond for costs.

In the instant case, petitioner is confronted with a question of f act of a shifting procedure. See Memorandum Opinion indicating:

McBee does not contend that the trial court retains plenary power over the criminal case. We issued a mandate of affirmance in July 2014. See generally McBee v. State, No. 09-13-00232-CR, 2014 WL 1400656, at *5 (Tex.App.-Beaumont Apr. 9, 2014, pet.ref'd)

7

(mem. op.) (affirming judgment as modified).

There is no active habeas proceeding; accordingly, this Court has mandamus jurisdiction. See Padieu v. Court of Appeals of Tex., Fifth Dist., 392 S.W.3d 115, 117-18 (Tex.Crim.App.2013). However, the mandamus petition lacks certified or sworn copies of "every document that is material to the relator's claim for relief[.]" See Tex.R.App.P. 52.7(a)(1). McBee suggest he cannot provide copies of documents because he is a prisoner. McBee also failed to provide proof of service on the respondent and the prosecuting attorney. See Tex.R.App.P. 9.5.

Petitioner prepared a certification at the end of his petition [that every factual statement in the petition is supported by competent evidence in the Clerk's record of the 221st District Court of Montgomery County, Texas. On this 7th day of May 2015.]

Petitioner had seeked mandamus relief from an alleged refusal by the trial court to rule on the motion to compel the Court Coordinator to set these matters for a in camera hearing to allow the Clerk to bring the file to the Court for a ruling on his Motion For Intra Loan of the Appellate records of the court for reviewing through the Hamilton Unit Law Library in preparation of his petition to be filed in the trial court.

A party seeking mandamus relief must show that (1) the trial court had a legal duty to act, (2) there was a demand for performance, and (3) there was a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex.1979). Showing that a motion was filed with the clerk does not constitute proof that the motion was brought

8

to the attention of the trial court. In re Davidson, 153 S.W.3d 490, 491 (Tex.App.-Amarillo 2004, orig. proceeding). The trial court is not required to consider a motion unless it is called to its attention. Metzer v. State, 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.] 1994, writ denied. McBee contends that the Motion for Intra Loan of the Transcription, records, statements was mailed to the Court Coordinator Jennifer Wade, 221st District Court of Montgomery CountyCourthouse on or about January 12, 2015, for setting a hearing and filing it with the Clerk ... many letters making all attempts to receive communications of the filing and setting of an in camera hearing for a ruling. But, relator did not receive a copy returned stamped filed of the Motion To Compel on March 2, 2015.

To the extend McBee asks this Court to direct the District Judge to direct the Court Coordinator to set the matters for in camera hearing to allow the Clerk to bring the file to the Court ... at the earliest possible date for a ruling.

The District Court is the Supervisor over his or her Court personnel ...

A party seeking mandamus relief must establish that the party has no adequate remedy by appeal. Walker v. Packer, 827, 833, 842 (Tex.1992). McBee has demonstrated that he could not challenge the lack of a ruling and no appeal is available by direct appeal.

Relator argues that if there has been a clear abuse of discretion and there is no adequate remedy by appeal, mandamus will issue.

The legislature has prescribed jurisdiction of a court of

appeals to issue writs of mandamus (1) to enforce its jurisdiction, (2) against judges of district and county courts in the district of the particular court of appeals. Tex.Gov't Code Ann. § 22.221 (vernon 1988 & Supp.2006). Mandamus is a legal remedy. Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 181 (1921), even though equitable principles apply. Rivercenter Assoc. v. Rivera, 858 S.W.2d 366, 367 (Tex.1993); Callahan v. Giles, 131 Tex. 571, 155 S.W.2d 793, 795 (194 ). A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law, when there is no other adequate remedy by law. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.1994).

Consideration of a motion properly filed and before a trial court is ministerial. See White v. Reiter, 640 S.W.2d 586, 596 (Tex.Crim.App.1982). Fundamental requirements of due process mandate an opportunity to be heard. Creel v. District Atty.for Medina County, 818 S.W.2d 45, 46 (Tex.1991). Thus, a district court may be compelled via mandamus to consider and rule on a pending motion presented to the court. See State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.Crim.App.1987). Mandamus, however, will not issue to compel a particular result in a discretionary decision on a motion. Id.; White. 640 S.W.2d at 593-94.

The applicant for a writ of habeas copus has the burden of proving his allegations by a preponderance of the evidence. Eniatt v. State, 206 S.W.3d 657, 664 (Tex.Crim.App.2006). In reviewing application, we must review the record evidence in the light most favorable to the trial court's ruling, and we must uphold

10

that ruling absent an abuse of discretion. Id. We decide whether a trial court abused its discretion by determining whether the court acted without reference to any guiding rules or principles, or in other words, whether the court acted arbitrarily or unreasonably. Lyles v. State, 850 S.W.2d 497, 502 (Tex.Crim.App.1993). A trial court abuses its discretion when its decision lies outside of the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (tex.Crim.App.1980) (op.on reh'g).

Under Article 11.07, a person who files a habeas corpus application for relief from a final felony conviction must challenge either the fact or length of confinement. Ex parte Lockett, 956 S.W.2d 41, 42 (Tex.Crim.App.1997). In this case, the question is whether a person who has discharged his sentence prior to filing an application, but who continues to suffer collateral consequences arising from the challenged conviction, is entitled to  seek post-conviction habeas relief under Article 11.07. Ex parte Harrington, 310 S.W.3d 452 (Tex.Crim.App.2010).

Petitioner is in an area that this Court can assist with the circumstances of the mere fact that with out the Clerk's records a petitioner is unable to support his application and this Court has the authority to clearly establish a standing to challenge the  conviction. See Memorandum Opinion Bryan Chance McBee appeals from his third-degree felony conviction for assault on a family member. See Tex.Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2013). The jury found McBee guilty and assessed punishment at eight years in prison. McBee was convicted of assaulting T.P.,

11

a 47 year old female.

McBee argues on appeal that the evidence was legally insufficient to support his conviction, and that the trial court abused its discretion in assessing attorney fees against him. We conclude the evidence was legally sufficient to support his conviction, but we otherwise modify the judgment to delete the assessment of attorney fees against McBee, and we affirm the judgment as modified.

This case has a serious problem with ineffective assistance of counsel in the trial and appeal and the record will demonstrate the supporting facts that the appeal was improperly challenged that is a procedural default in the challenge to the sufficiency of the evidence that was wrongful raised pursuant to an area of law that is incorrect for the standard of review. See In re Reece, 341 S.W.3d 360 (Tex.2011). Further, Mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court," in Reprudential Ins. Co. of Am, 148 S.W3d 124 (Tex. 2004) (orig. proceeding). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss ..." Id.at 136. Mandamus is a remedy not restricted by "rigid rules" that are "necessarily inconsistent with the flexibility that is the remedy's principle virtue." Id.; See also In re McAllen, 275 S.W.3d at 464 (noting that whether a clear abuse of discretion can be remedied on appeal "depends heavily on circumstances; it must be guided by analysis or principle rather than simple rules

12

that treat cases as categories"), and mandamus is a proper vehicle for this court to correct blatant injustice that otherwise would elude review by the appellate court.

Generally, a party is entitled to mandamus relief against a public official when there is (1) a legal duty to perform a non-discretionary act, (2) a demand for performance of that act, and (3) a refual to perform. Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex.1991). See Mattox v. Grimes County Com'er Court, 305 S.W.3d 375 (Tex.App.Houston [14th Dist.] 2010). An act is non-discretionary, or ministerial, and subject to mandamus relief, when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.

## PRAYER

For the foregoing reasons, this Court should find that the Respondent is the Supervior of the 221st District Court of Montgomery County, Texas, and that the Motion for Intra Loan of the trial records has been filed by the Court Coordinator and refused to document the Motion and the Motion to Compel the Court Coordinator to set these matters for an in camera hearing for a ruling. Respondent is direct to set, hear and rule on relator's Motion to Review the Trial/Appellate Records within a reasonable time.

WHEREFORE PREMISES AND CONSIDERED Petitioner prays that this Court will grant petition in leave to proceed on writ of mandamus by treating the pleadings as petition for review in all things requested. We anticipate that respondent will comply with in a reasonable manner by ordering the trial court to rule on Motion

13

to Compel. Or in the alternative grant further relief justly entitled.

Respectfully submitted,

Bryan Chance McBee TDCJ #1941708
200 Lee Morrison Lane Hamilton
Bryan, Texas 77807

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument Petition for Review has been served on the Clerk of the Supreme Court of Texas P.O. Box 12248 Austin, Texas 78711-2248 to make a copy of the same and serve it on the opposing parties through the District Attorney of Montgomery County 207 W. Phillips Conroe, Texas 77301, on this 12th day of July, 2015.

Bryan Chance McBee

## VERIFICATION

I hereby certify that the preparation of the pleadings are true and correct to the best of my knowledge under the penalty of perjury.

Bryan Chance McBee

14

APPENDIX

Exhibit A

Memorandum Opinion

Petition For Writ Of Mandamus   B

Affidavit Inability To Pay Cost   C

Defendants Motion To Compel        D

Memorandum Opinion on Appel   E

Exhibit A

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-15-00179-CR

---

IN RE BRYAN CHANCE MCBEE

---

Original Proceeding

---

## MEMORANDUM OPINION

Bryan Chance McBee petitioned for a writ of mandamus compelling the judge of the 221st District Court of Montgomery County to require the court coordinator to set for hearing McBee's motion for a loan of the duplicate record that was prepared for an appeal. *See generally* Tex. R. App. P. 34.5(g), 34.6(h). McBee does not contend that the trial court retains plenary power over the criminal case.[1]

There is no active habeas proceeding; accordingly, this Court has mandamus jurisdiction. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115,

---

[1]We issued a mandate of affirmance in July 2014. *See generally McBee v. State*, No. 09-13-00232-CR, 2014 WL 1400656, at *5 (Tex. App.—Beaumont Apr. 9, 2014, pet. ref'd) (mem. op.) (affirming judgment as modified).

1

117-18 (Tex. Crim. App. 2013). However, the mandamus petition lacks certified or sworn copies of "every document that is material to the relator's claim for relief[.]" *See* Tex. R. App. P. 52.7(a)(1). McBee suggests he cannot provide copies of documents because he is a prisoner. McBee also failed to provide proof of service on the respondent and the prosecuting attorney. *See* Tex. R. App. P. 9.5.

The petition nevertheless demonstrates that McBee is not entitled to mandamus relief because he has not shown that he has a clear and indisputable right to the requested relief. *See In re Williams*, No. 09-09-00584-CV, 2010 WL 183861, at *1 (Tex. App.—Beaumont Jan. 21, 2010, orig. proceeding) (mem. op.); *see also In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr.13, 2004, orig. proceeding) (mem. op.) (A trial court has no duty to rule on "free-floating motions unrelated to currently pending actions.").

The relator has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on May 26, 2015
Opinion Delivered May 27, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

2

Exhibit B

RECEIVED AND FILED
At 9:3? O'clock A M.
FOR RECORD

MAY 1 1 2015

BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
By_____ Deputy

13-04-03591-CR

In The
Court Of Appeals
Ninth District
Beaumont, Texas

\*

In Re                          \*          Writ No_____
Bryan Chance Mc Bee
                                \*

\*

Appeal From Montgomery County Texas
221st District Court In Cause No
13-04-03591       Trial Court

Appeal No 09-13-00232-CR

Petition For Writ Of Mandamus

Bryan Chance Mc Bee
200 Lee Morrison Lane
Bryan Texas 77807

Request For Oral Arguments

# Index Of Parties And Counsel

Pursuant To Tex R App. 38 (a) A Complete List

Of All Interested Parties Below

Bryan Chance Mc.Bee
200 Lee Morrison Lane Bryan Tx 77807

Trial Judge: Honorable 221st Judicial District
Lisa Michalk Montgomery County
207 West Phillips Conroe Texas 77301

Court Coordinator:
Jennifer Wade And Natalie Travor
207 West Phillips Suite #301 Conroe Tx 77301

# Contents

Identity Of Parties And Counsel          I
Table Of Contents                         II
Index Of Authorities                      III
Statement Of The Case                     1
Statement Of Jurisdiction                 2

Issues Presented                          2
    The Trial Court Has Abused Its Discretion In Failing To Set The Pleadings Before The Court For A Ruling In A Motion To Compel, A Ministerial Act Not Involving A Discretionary Or Judicial Decision

Statement Of Facts                        2

Argument                                  3,4,5

Prayer                                    5

Certification                            5

Page

# Index Of Authorities

## Cases

| | Page |
|---|---|
| Callahan v Giles 137 Tex 571, 155 S.W. 2d 793, 795 (194) | 4 |
| Canadian Helicopters LTD V Wittig 876 S.W. 2d 304, 305 (Tex 1994) | 4 |
| Creel V District Attorney For Medina County 818 S.W.2d 45, 46 (Tex 1991) | 4 |
| Curry V Gray 726 S.W. 2d 125, 128 (Tex Crim App. 1987) | 4 |
| Davidson 153 S.W. 3d 490, 491 (Tex Amarillo Orig Proceeding 2004) | 3 |
| Metzar V State 892 S.W. 2d 20, 49 Tex App Houston 1st District (1994) | 3 |
| Rivercenter Association V Rivera 858 S.W. 2d 366, 367 (Tex 1993) | 4 |
| Stoner V Massey 586 S.W. 2d 843, 846 (Tex 1979) | 3 |
| Walker V Packer 827 S.W.2d 833, 842 (Tex 1992) | 3 |
| Westerman V Mims Tex 29 227 S.W. 178, 181 (1921) | 4 |
| White V Reiter 640 S.W. 2d 586, 596 (Tex Crim App. 1982) | 4 |

## Statutes And Rules

| | |
|---|---|
| Tex Government Code Ann § 22.221(a)(1)(b)(2) Vernon 1988 Supp 2000 | |
| Rules Of Appellate Procedure Rule 52.3 | 2 |
| Code Of Criminal Procedure Article 11.07 | 3 |

## Statement Of The Case

This Is A Case Seeking A Writ Of Mandamus To Issue An Order On The Trial Court Judge To Direct The Court Coordinator To Docket This Motion For Intra Loan Of The Appellate Records That Has Been Filed With The Trial Court By The Clerk. The Court Coordinator Has Refused To Set The Matter For A Hearing. Bryan Chance McBee Appeals From His Third Degree Felony Conviction For Assault On A Family Member See — Tex Penal Code Ann § 22.01 1(a) 1(b) 2 West Supp 2013 The Jury Found Mr. Bee Guilty And Assesed Punishment At Eight Years In Prison. Mr. Bee Was Convicted Of Assaulting T. P. A 47 Year Old Female. Respondent Is Judge Lisa Michalk Of The 221st District Court Of Montgomery County Texas, 207 West Phillips Conroe Tx 77301. Respondent Natalie Traylor Assistant District Court Coordinator, Jennifer Wade Of The 221st Judicial District Court Of Montgomery County Texas 207 West Phillips Suite 301 Conroe Texas 77301 The Respondents Have Failed To Set The Pleadings For A **Hearing On** A Motion To Compel A Ministerial Act Not Involving A Discretionary Or Judicial Decision. The Clerks Office Filed The Motion On Motion To Compel On March 2, 2015 For The Court Coordinator To Document The Matters For A Hearing To Allow The Court Clerk To Bring File To The Court On The Date Of Hearing For An In Chambers Ruling To Allow The Relator The Right For Intra Loan Of The Trial Clerks Records To Be Mailed To The Hamilton Unit Law Library Supervisor For Checking Out For The Offender To Review Them For 2 Hour Sessions Monday Through **Saturday** For 30 Days To Prepare His Petition. The Ninth Court Of Appeals Issued The Original Opinion On April 9th 2014 Before Mr. Keithen, CJ, Kreger, Johnson, JJ In No 09-13-00232 - CR On Appeal From The 221st District Court Montgomery County Tx Trial Court - Cause No 13-04-03591

## Statement Of Jurisdiction

This Court Has Jurisdiction Pursuant To Government Codes § 22.221 (a)(b)(c); Rule 52.3 Rules Of Appellate Procedure. Courts Will Issue A Mandamus To Correct A Clear Abuse Of Discretion Or The Violation Of A Duty Imposed By Law When There Is No Other Adequate Remedy Available By Appeal.

## Issue Presented

The Trial Court Has Abused Its Discretion By Failing To Set The Pleadings Before The Court For A Ruling In A Motion To Compel A Ministerial Act Not Involving A Discretionary Or Judicial Decision.

## Statement Of Facts

The Clerk Filed The Motion To Compel The Court Coordinator To Set These Matters For An In Camera Hearing On March 2, 2015, It Has Been Pending Over 30 days And No Hearing Has Been Docketed As Requested In A Timely Manner. Generally, A Document Is Considered Filed When It Is Tendered To The Clerk Or Otherwise Put Under The Custody Or Control Of The Clerk. A Party Seeking Mandamus Relief Must Show That (1) The Trial Court Had A Legal Duty To Act (2) There Was A Demand For Performance And (3) There Was A Refusal To Act.

2

# Argument

Relator Seeks Mandamus Relief From An Alleged Refusal From The Trial Court To Rule On Motion To Compel The Court Coordinator To Set These Matters For An In Camera Hearing To Allow The Clerk To Bring The File To The Court For A Ruling On His Motion For Intra Loan Of The Appellate Records Of The Court For Reviewing Through The Hamilton Unit Law Library In Preparation Of His Petition To Be Filed In The Trial Court.

A Party Seeking Mandamus Relief Must Show That (1) The Trial Court Had A Legal Duty To Act (2) There Was A Demand For Performance And (3) There Was A Refusal To Act Stoner V Massey 586 S.W. 2d 843, 846 Tex (1979) Showing That A Motion Was Filed With The Clerk Does Not Constitute Proof That The Motion Was Brought To The Attention Of The Trial Court In Re Davidson 153 s.w. 3d 490, 491 (Tex App Amarillo 2004 Original Proceeding) The Trial Court Is Not Required To Consider A Motion Unless It Is Called To Its Attention Metzar V State 892 S.W. 2d — 20, 49 (Tex App. Houston 1st District) 1994 Writ Denied Mc Bee Contends That The Motion For Intra Loan Of The Transcription Records, Statements Was Mailed To The Court Coordinator Jennifer Wade 221st District Court Of Montgomery County Texas Courthouse On Or About January 12, 2015 For Setting A Hearing And Filing It With The Clerk..... Many Letters Making Attempts To Receive Communication Of The Filing And Setting Of An In Camera Hearing For A Ruling. But Relator Did Not Receive A Copy Returned Stamped Filed On The Motion To Compel On March 2, 2015 To The Extent Mc Bee Asks This Court To Direct The District Judge To Direct The Court Coordinator To Set These Matters For An In Camera Hearing To Allow The Clerk To Bring The File To The Court At The Earliest Possible Date For A Ruling.

The District Court Is The Supervisor Over His or Her Court Personnel.....

A Party Seeking Mandamus Relief Must Establish That The Party Has No Adequate Remedy By Law/Appeal. Walker V Packer 827 S.W.2d 833, 842 (Tex 1992) Mc Bee Has Demonstrated That He Could Not Challenge The Lack Of Ruling And No Appeal Is Available By Direct Appeal.

Relator Argues That If There Has Been A Clear Abuse Of Discretion And There Is No Adequate Remedy By Law/Appeal Mandamus Will Issue.

The Legistlature Has Prescribed Jurisdiction Of A Court Of Appeals To Issue Writs Of Mandamus (1) To Enforce Its Jurisdiction And (2) Against Judges Of District And County Courts In The District Of The Particular Court Of Appeals (Tex Gov't Code Ann § 22.221 (Vernon 1988 Supp 2000) Mandamus Is A Legal Remedy Westerman V Mims Tex 29 227 S.W. 178, 181 (1921) Even Though Equitable Principles Apply Rivercenter Assoc V Rivera, 858 S.W.2d 366, 367 (Tex 1993) Callahan V Giles 137 Tex 571, 155 S.W.2d 793, 795 (194) A Writ Of Mandamus Is An Extraordinary Remedy That Will Issue Only To Correct A Clear Abuse Of Discretion Or The Violation Of A Duty Imposed By Law When There Is No Adequate Remedy By Law. Canadian Helicopters LTD — — V Wittig 876 S.W.2d 304, 305 (Tex 1994) Consideration Of A Motion Properly Filed And Before A Trial Court Is Ministerial. See White V Reiter 640 S.W.2d 586, 596 (Tex Crim App 1982) Fundamental Requirements Of Due Process Mandate An Opportunity To Be Heard Creel V District Attorney For Medina County 818 S.W.2d 45, 46 (Tex 1991) Thus A District Court May Be Compelled Via Mandamus To Consider And Rule On A Pending Motion Presented To The Court See State Ex Rel Curry V Gray 726 S.W.2d 125, 128 (Tex Crim App 1987) Mandamus However Will Not Issue To Compel A Particular Result In A Discretionary Decision On A Motion. Id, White 640 S.W.2d At 593, 94

# PRAYER

For The Foregoing Reasons The Court Should Find That The Respondent Is The Supervisor Of The 221st District Court Of Montgomery County Texas And That The Motion For Intra Loan Of The Trial Records Has Been Filed By The Court Coordinator And Refused To Document The Motion And The Motion To Compel The Court To Set These Matters For An In Camera Hearing For A Ruling. Respondent Is Direct To Set Hear And Rule On Relators Motion To Review The Trial/Appellate Records Within A Reasonable Time Wherefore Premises Considered, Relator Prays That Court Will Grant Petition In Leave To Proceed On Writ Of Mandamus. In All Things Requested We Anticipate That Respondent Will Comply With A Reasonable Manner By Ordering The Trial Court To Rule On Motion To Compel Or In The Alternative Grant Further Relief Justly Entitled.

Respectfully Submitted,

Bryan Chance

BRYAN CHANCE McBEE
200 LEE MORRISON LANE HAMILTON UNIT
BRYAN TEXAS 77807

## CERTIFICATION

I Hereby Certify That I Have Reviewed The Petition And Conclude That Every Factual Statement In The Petition Is Supported By Competent Evidence In The Clerks Record Of The 221st District Court Of Montgomery County Texas. On This ___7TH___ Day Of ___MAY___ 2015.

Bryan Chance
AFFIANT/RELATOR

5



# BARBARA GLADDEN ADAMICK
## *District Clerk of Montgomery County, Texas*

### Criminal Division
P.O.Box 2985
Conroe, Texas 77305

936-539-7940                                                                936-539-7855
936-538-8198

DATE: MAY 14, 2015

Defendant:   MCBEE, BRYAN CHANCE
ID NO     :   #1941708 E-2-20
Address   :   HAMILTON UNIT
          :   200 LEE MORRISON LANE
          :   BRYAN TEXAS 77807

CAUSE NO. 13-04-03591-CR     221st Judicial District Court


Dear Defendant,

Please be advised, our office has received and filed your Letters
and/or Motions.  Our office will notify you when the order is
signed.

Thank you,


By: _Linda Haywood_____
      Linda Haywood, Deputy Clerk


cc:   District Attorney

Attorney:

Exhibit C

RECEIVED AND FILED
At 9:3ᴼ FOR RECORD o'clock A.M.

MAY 11 2015

BARBARA GLADDEN ADAMICK
DISTRICT CLERK
MONTGOMERY COUNTY, TEXAS
BY _____ DEPUTY

13-04-03591 CR

In The
Court Of Appeals
9ᵀᴴ District Of Texas
Beaumont

In Re                                  *
                                       *        Writ No. _____
    Bryan Chance Mᶜ. Bee              *


Affidavit        Inability To Pay Cost

To The Honorable Court Of Appeals:

Comes Now Bryan Chance Mᶜ. Bee, Relator In The Above Entitled Numbered Cause And Respectfully Files His Affidavit For Inability To Pay Cost To Proceed Pursuant Rule 20.1 Rules Of Appellate Procedure. Relator Would Show Unto This As Follows:

Relator Submitted A Request For Permission In Leave To Proceed On His Prior Indigent Status In The 221ˢᵀ Judicial District Court Of Montgomery County Texas In Cause No 13-04-03591-CR. 9ᵀᴴ Court Of Appeals Number 09-13-00232-CR Court Of Appeals No PD 0452-14 And All Criminal Matters Arising From The Same Arrest Herein. Further Action Under Bryan Chance Mᶜ. Bee In The 221ˢᵀ District Court Montgomery County. In Re Bryan Chance Mᶜ. Bee 9ᵀᴴ Court Of Appeals District Beaumont Tx.

In Case No 13-04-03591 This Case Continued To The Court Of Appeals 9TH District Beaumont Tx Court Of Appeals No 09-13-00232-CR And Then On To The Court Of Criminal Appeals Of Texas For Petition For Discretionary Review No PD 0452-14 Affiant Has Not Received Free Legal Services Under Income Guidlines Used By A Program Funded By Interest On Lawyers Trust Accounts Of The Texas Access To Justice Foundation And Has Not Been Re-Screened After Rendition Of The Trial Courts Judgement To The Affiants Knowledge See This Court Of Appeals File In Case No 09-13-00232 CR In The 221ST District Judicial County Court Of Montgomery County Texas Affiant Does Not Know The Additional Cost For The Preparation Of The Clerks Records And The Official Court Reporters Records At This Time But Is Without Sufficient Funding Or Source To Pre Pay The Cost Including The Appeal To Be Assigned On Petition For Mandamus To The Appellate Courts Per Se.

(1) The Nature And Amount Of The Partys Current Employment Income, Gov't Entitlement Income And Other Income Affiant Has Been Incarcerated Since April 12, 2012. And Does Not Have Any Income From Any Other Source Affiant Is Subject To Inmate Labor For Good Time Only. No Payment For Work Assignment. (2) The Income Of The Partys Spouse And Whether That Income Is Available To The Party... Affiant Does Not Have A Spouse

(3) Real And Personal Property The Party Owns. The Affiant Does Not Own Any Real Or Personal Property (4) Cash The Party Owns/Holds And Amounts The Party May Withdraw. All Bank Accounts Are Closed And No Cash Is Available

(5) The Partys Other Assets. No Assets Are Available Due To Incarceration.

(6) The Number And Relationship To The Party Of Any Dependants. None Is Available.

2.

(7) The Nature And Amount Of The Partys Debts...
Over 12,000.00 Twelve Thousand Dollars Student Loan Default
Due To Separation Of Documents, Prolonged Incarceration..
-Exact Amount Of Student Loan Default Unknown -

(8.) The Nature And Amount Of The Partys Monthly Expenses
Medical Supplies And Indigent Supplies From The Texas Department
Of Criminal Justice Is Unknown At This Time.

(9.) The Partys Ability To Obtain A Loan For Court Cost.
Affiant Has No Credit And Due To His Custody And Lack Of Employment
No Funds Are Available No Loans Are Available.

(10) Whether An Attorney Is Providing Free Legal Services
To The Party Without A Contengent Fee. No Attorney Assistance -
Pro Se Representation.

(11.) Whether An Attorney Has Agreed To Pay Or Advance
Court Cost. And No Attorney Has Agreed.

(12.) If Applicable The Partys Lack Of Skill And Access To Equipment Necessary To
Prepare Appendix As Required By Rule 38.5(d) Affiant Does Not Have Access
To The Equipment Necessary Of A Copying Service To Make Necessary Copies
For Any Appendix Or Court Reporters Records Or Copies Of Clerks Records....
I Have Read The Allegations Of Facts And State They Are True And Correct.

Bryan Chance
Bryan Chance McBee
Affiant

3.



# BARBARA GLADDEN ADAMICK

## *District Clerk of Montgomery County, Texas*

### Criminal Division
#### P.O.Box 2985
#### Conroe, Texas 77305

936-539-7940                                                                936-539-7855

936-538-8198

DATE: MARCH 3, 2015

Defendant:  MCBEE, BRYAN CHANCE
ID NO     :  01941708 E-2-20
Address   :  200 LEE MORRISON LANE
          :  BRYAN TEXAS 77807
          :

CAUSE NO. 13-04-03591-CR    221st Judicial District Court


Dear Defendant,

Please be advised, our office has received and filed your Letters and/or Motions.  Our office will notify you when the order is signed.

Thank you,


By: _____
    Linda Haywood, Deputy Clerk


cc:  District Attorney

Attorney:

*Exhibit D*

RECEIVED AND FILED
FOR RECORD
At _8:50_ O'Clock _a_ M.

MAR 0 2 2015

BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY TEXAS
BY _____ Deputy

Cause NO 13-04-03591

State Of Texas

V

Bryan Chance Mc.Bee

In The Judicial

221st District Court Of

Montgomery County Texas

## Defendants Motion To Compel

To The Honorable Judge Of Said Court.

Comes Now Bryan Chance Mc.Bee The Defendant In The Above Entitled Numbered Cause And Respectfully Files His Motion To Compel The Court To Order Ministerial Duties Pursuant To Article 2.13 Code Of Criminal Procedure. Defendant Would Show Unto This Court As Follows. The Defendant Is Requesting The Court To Acknowledge The Previous Request For Permission In Leave Filed January 2015 With The Coordinator At 207 W. Phillips Suite #301 Conroe Tx 77301

### Statement Of Facts

Defendant Filed His Motion With The Court Coordinator In The 221st Judicial District Court Of Montgomery County Texas On Or About January 12 2015 To Request Documents To Be Docketed For A Hearing Date And Submit The Original To The Clerk For Filing The Same With Court For The Preparation Of The In Camera Hearing With The Judge In Chambers Only.... Until This Day Defendant Has Not Received Any Response, If, The Motion For Intra Loan Of The Trial Records Has Been Prepared To Submit To The Law Library Hamilton Unit 200 Lee Morrison Lane Bryan Tx 77807 For The Defendant To Check Out 2 Hours Monday Through Friday Under The Supervision Of The Law Library For Preparation Of His Application For Writ Of Habeas Corpus Article 11075 2,3 Code Of Criminal Procedure.

### Authorities In Support

Clerks Refusal To File

1) Smith Contends That The District Clerk Improperly Refused To File His Requests, Motions, Amended Petition And Notice Of Appeal. Smith Contends That Such Refusal Has Denied Him Access To The Appellate Court And The Ability To Seek A Meaningful Appeal

(2-4) This Court Does Not Have Jurisdiction To Issue A Writ Of Mandamus Against A District Clerk Unless Such Is Necessary To Enforce Jurisdiction In Re Washington 7 S.W. 3d 181,182 (Tex App.-Houston 1st District 1999 Orig. Proceeding) Once A Notice Of Appeal Is Delivered To A Clerk For Filing Whether It Is Timely Or Untimely The Determination Of Appellate Jurisdiction Must Be Made By The Appellate Court Id.: See Tex R App. P. 25.1 Providing That Filing Of Notice Of Appeal Invokes Appellate Courts Jurisdiction Accordingly The Clerk Must File And Forward To The Appropriate Court The Notice Of Appeal As Well As Any Other Materials-Needed Tendered That Are Integral To A Determination Of The Appellate Timetable See Tex R App P 26.1 (Extending Deadline To File Notice Of Appeal To Ninety Days After Date Judgement Is Signed If Party Timely Files (1) Motion For New Trial (2) Motion To Modify Judgement (3) Motion To Re-Instate Under Texas Rule Of Civil Procedure 165 a: Or (4) Request For Findings Of Fact And Conclusions Of Law If Either Are Required By Rules Of Civil Procedure Or If Not Required Could Properly Be Considered By Appellate Court Washington 7 Sw 3d At 182 Generally A Document Is Considered "Filed" When It Is Tendered To The Clerk Or Otherwise Put Under The Custody Or Control Of The Clerk Jamar v Patterson 868 Sw 2d 318, 319 Tex 1993 Washington 7 Sw 3d At 182 The Document Is Considered Filed Whether Or Not A File Mark Is Placed On The Instrument Warner v Glass 135 Sw 3d 681 684 Tex 2004

# CERTIFICATE OF SERVICE

TO RESPECTFULLY ASK THE COURT CLERK TO PLEASE PLACE A COPY OF ANY AND ALL MOTIONS IN THE DISTRICT ATTORNEYS DROP BOX

DEFENDANT IS REQUESTING PERMISSION FOR THE COURT CLERK TO MAKE ADDITIONAL COPIES (AS NEEDED) DUE TO THE FACT THAT TDCJ DOES NOT PROVIDE A COPY SERVICE FOR INDIGENT OFFENDERS SEE JOBE V LAPIDUS 874 SW 2d 764 TEX APP. DALLAS 1994

ON THIS 25TH DAY OF FEBUARY 2015

RESPECTFULLY SUBMITTED

Bryan Chance McBee

HAMILTON UNIT #01941708
200 LEE MORRISON LANE
BRYAN TX 77807

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING INSTRUMENT / MOTION HAS BEEN SUBMITTED TO THE OPPOSING PARTY THROUGH THE COURT CLERK.

ON THIS _____ DAY OF _____ 2015

_____

# Conclusion

For The Foregoing Reason This Court Should Find That The Court Coordinator Has Failed To Docket This Case For An In-Camera Hearing, To Have The Clerk Bring The File So The Judge Can Grant or Deny The Motion.

Wherefore Premises Considered Defendant Prays This Court Will Grant Defendants Motion To Compel, Or The Court Coordinator To Docket Motion For Hearing In All Things Requested. Or In Ultimative Grant Defendants Motion For Intra Loan Of Trial Records

Respectfully Submitted

This 25 Day of Febuary 2015

Bryan Chance Mc Bee

# 01941708
200 Lee Morrison Lane
Bryan Tx 77807

Cause No. 13-04-03591

RECEIVED AND FILED
FOR RECORD
At 5:31 O'Clock a M.

MAR 0 2 2015

BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
By _____ Deputy

State Of Texas

v

Bryan Chance McBee

In The Judicial
221st District Court Of
Montgomery County Tx

## Order Of The Court

Be It Remembered On This _____ Day Of _____
It Came To Be Heard The Defendants Motion To Compel
The Court To Order The Ministerial Duties Pursuant To Article
2.13 Code Of Criminal Procedure. On The Allegations Of Facts
After Hearing The Merits It Is The Opinion Of This Court
That The Defendant Is Entitled To Relief. It Is Ordered
Adjudged And Decreed That The Defendants Motion To Compel
The Court To Order The Ministerial Duties Pursuant To Article
2.13 Code Of Criminal Procedure. And The Defendants Motion For
Intra Loan Is Hereby Granted And The Trial Records To Be Submitted
To The Law Library At The Texas Department Of Corrections Hamilton
Unit At 200 Lee Morrison Lane Bryan Tx 77807 For The
Defendant To Check Out 2 Hours Monday Through Friday Under
The Supervision Of The Law Library For Preparation Of His Habeas Corpus
Article 11.07 § 2,3 Code Of Criminal Procedure.

Signed And Entered This _____ Day of February 2015

_____
Judge Presiding

# IN THE NINTH COURT OF APPEALS

## 09-13-00232-CR

Bryan Chance McBee
v.
The State of Texas

On Appeal from the
221st District Court of Montgomery County, Texas
Trial Cause No. 13-04-03591 CR

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed as modified by this Court. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that we modify the judgment to delete that portion of the judgment requiring that Bryan Chance McBee pay attorney fees in the amount of $7,312.50. Otherwise, the judgment of the trial court is affirmed as modified.

Opinion of the Court delivered by Justice Leanne Johnson

April 9, 2014

**AFFIRMED AS MODIFIED**

**\*\*\*\*\*\*\*\*\***

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

*Exhibit E*

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-13-00232-CR

---

BRYAN CHANCE MCBEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 13-04-03591-CR

## MEMORANDUM OPINION

Bryan Chance McBee appeals from his third-degree felony conviction for assault on a family member. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2013). The jury found McBee guilty and assessed punishment at eight years in prison. McBee was convicted of assaulting T.P., a 47 year old female.

McBee argues on appeal that the evidence was legally insufficient to support his conviction, and that the trial court abused its discretion in assessing attorney fees against him. We conclude the evidence was legally sufficient to support his

1

conviction, but we otherwise modify the judgment to delete the assessment of attorney fees against McBee, and we affirm the judgment as modified.

EVIDENCE PRESENTED AT TRIAL

Testimony of T.P.

T.P. testified that she and McBee had been in an "on and off" relationship for about a year and a half, and that they were both homeless. T.P. explained that on or about April 19, 2012, she was at Chad's bar in Montgomery County. T.P. stated that McBee was angry at her for allegedly dating someone else. McBee confronted T.P. at Chad's bar, and McBee began using profanity and falsely accusing her of things.

T.P. was upset and she ran out of the bar. McBee texted her and told her he had stolen her money. T.P. left and went to a secluded wooded area where McBee stayed in a tent and waited for him. She planned to talk with him and get her money back. When McBee arrived late that evening, McBee and T.P. argued again. McBee threatened T.P. and her adult children. At one point T.P. "took off running" and McBee pursued her but T.P. tripped and fell. When she fell, McBee stated: "Oh, look, you broke your arm. Now I am going to have to kill you." McBee then stepped on her elbow, grabbed her wrist, yanked her off the ground, threw her into trees, kicked her, and threw her into a wooden bedframe in one of

2

the tents. McBee called her names, slapped her, and choked her with his hand. During the assault, McBee even called T.P.'s family and told them he had her, and then McBee put his phone on speaker phone so they could hear him assaulting her. The assault lasted hours. When T.P. awakened around 5:30 or 6:00 a.m. the next morning, McBee was still with her. He asked T.P. if she remembered what happened the night before. In order to get away, T.P. answered, "Yes. And I am so sorry." McBee was concerned T.P. would turn him into the police, and T.P. assured McBee that she would not. She told McBee that she loved him and that they could "go to like McDonald's or something like that and [she] would slip and fall and then he could sue them" and get money. McBee went back to sleep, and T.P. escaped to a restaurant near the wooded area where the tents were located.

T.P. stated that because she was in pain, embarrassed, and scared of McBee, she initially told the 911 operator that she fell. Later, she told Deputy Holden that McBee had assaulted her. She also told the investigating officer she wanted to press charges against McBee. T.P. testified that McBee had also assaulted her once before on November 16, 2010, when she and McBee were dating. In the earlier incident, McBee broke both of her wrists. A judgment convicting McBee of the 2010 assault/family violence was admitted into evidence.

Testimony from T.P.'s Adult Son

T.P.'s adult son testified that he had received a call from McBee during the assault, and McBee was threatening T.P.'s family. T.P.'s son could hear T.P. begging for help while McBee was hitting her and laughing at her. T.P.'s son testified that he did not call law enforcement or come to her aid because he was unaware of T.P.'s and McBee's location.

Testimony from Paramedic

Clayton Rosencranz, a paramedic for Montgomery County Hospital District, testified that he responded to a call in the early morning hours of April 20, 2012, from a local restaurant. When Rosencranz arrived at the restaurant, bystanders at the restaurant directed him to an emotionally distraught female sitting in a booth inside the restaurant. The female, T.P., was crying hard, breathing rapidly, and holding her arm. T.P. initially told Rosencranz that she injured her arm by tripping and falling. Based on T.P.'s visible injuries and emotional state, Rosencranz did not think her story "add[ed] up." When Rosencranz began to ask specifics about how her injuries occurred, T.P. "began to cry even worse" and told Rosencranz that she had been assaulted by her boyfriend.

T.P. informed Rosencranz that McBee, her boyfriend, was across the street in the woods, and because Rosencranz was concerned for her safety, he locked the

4

restaurant door and called for law enforcement through dispatch. T.P.'s injuries, as observed by Rosencranz, were an obvious closed-elbow deformity, blood in her right eye, a bruised jaw, a bruised neck, and bruising to her entire back. She was in extreme pain and Rosencranz was concerned that she had sustained possible rib or spinal fractures.

Testimony from Azwell and Holden

Deputy Chris Azwell with the Montgomery County Sheriff's Office also testified. Azwell was dispatched to the restaurant. He interacted briefly with T.P. prior to her transport to the hospital. According to Azwell, T.P. had either a broken or dislocated arm, "[d]eep, dark, purple bruising" on her sides and back, lacerations and scratches on her upper body, and dried blood around her mouth. T.P. told Azwell that McBee was the person who had injured her, and she provided Azwell details of McBee's location, which was a wooded area approximately three or four hundred yards from the restaurant. Azwell and three other officers looked for McBee and found him in a tent in the woods. McBee appeared startled when he saw the officers and said, "What did she do?" McBee was detained, escorted to a patrol car, and given his Miranda rights. Azwell did not observe any injuries to McBee.

Deputy Lance Holden with the Montgomery County Sheriff's Office met with T.P. at the hospital, and he described his interview of T.P. for the jury. She was cooperative but hesitant to speak with Holden. Holden stated that T.P. was certain that McBee would kill her the next time she came into contact with him. Holden photographed T.P.'s injuries, and the photographs were admitted into evidence at trial. Holden testified that he thought T.P.'s wounds appeared fresh, and that T.P. was in "[s]evere pain." Holden described her primary injuries as those to her elbow and her ribs. He testified that he saw handprints on her throat prior to the medical staff's placement of a neck brace on her neck. She also appeared to have broken blood vessels in her eyes which Holden believed were consistent with being strangled.

Testimony from Defense Witness

Matthew Butcher testified for the defense. Butcher and McBee had worked together for seven years. He worked with McBee earlier on the day of the assault and went with him to Chad's bar. Butcher explained that after they were at the bar for ten or fifteen minutes, T.P. called the bar and told Butcher that she had fallen over a bicycle and broken her arm. She was upset and said she needed Butcher to bring McBee home. Butcher took McBee immediately to where he lived in the woods, and then Butcher went home.

6

## LEGAL SUFFICIENCY

In issue one, McBee contends the evidence is legally insufficient to support his conviction. He specifically argues that the testimony was insufficient to allow a jury to reasonably infer that he was not acting in self-defense. As requested by McBee, the jury charge included a self-defense instruction.

It is the defendant's burden to produce some evidence to support a claim of self-defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Upon producing such evidence, the State has the burden of persuasion to disprove the defense. *Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991). The State is not required to produce evidence to refute the claim but is required to prove its case beyond a reasonable doubt. *Id.* at 913. The issue of self-defense is a fact issue to be determined by the jury, which is free to accept or reject the defensive issue. *Id.* at 913-14. A jury's verdict of guilt is an implicit finding rejecting a defendant's self-defense theory. *Id.* at 914.

We review all of the evidence in the light most favorable to the verdict and determine if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). Because the State carries the burden of persuasion to disprove self-defense beyond a reasonable

7

doubt, we review a challenge to the sufficiency of the evidence supporting a jury's rejection of a claim of self-defense under only the *Jackson* standard. *Saxton*, 804 S.W.2d at 914.

In reviewing the evidence, we give deference to the jury to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We treat direct and circumstantial evidence equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The fact finder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1). Although usually a Class A misdemeanor, the offense is elevated to a third-degree felony if it is committed against a person whose relationship with the defendant is described in sections 71.0021(b) (dating), 71.003 (family), or 71.005 (household) of the Texas Family Code, and if the defendant has been previously convicted of

an assault involving family violence. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A); *see also* Tex. Fam. Code Ann. §§ 71.0021(b), 71.003, 71.005 (West 2014).

The jury heard T.P.'s testimony regarding the assault. She explained to the jury the violent assault by McBee—he grabbed her, stepped on her elbow, slapped her, threw her into trees and into the bedframe, choked her, and threatened to kill her. The jury heard law enforcement's testimony that the wounds appeared "fresh" and that T.P. appeared scared of McBee. The jury saw photographs of T.P.'s injuries and heard T.P.'s son's testimony of the telephone call from McBee during the assault. Evidence of McBee's prior assault against T.P. was also presented at trial, along with the 2010 judgment convicting him of assault/family violence. The only evidence of self-defense is McBee's videotaped comments while he was detained by police. In the video, McBee states that T.P. went "ballistic[,]"and kicked and hit him, so he slapped and pushed her. There is no indication in the record before us that McBee received any injury during the incident. The jury was not required to believe McBee's version of what transpired that day. After viewing the evidence in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt and also could have found against McBee on his self-defense claim. We overrule issue one.

## ATTORNEY FEES

In issue two, McBee argues the trial court abused its discretion in assessing attorney fees against him, because he is indigent. The State concedes the judgment should be modified to delete the award of attorney fees.

Under article 26.05 of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of fees of an appointed attorney if the court determines that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided to him. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2013). Article 26.04 provides that the judges of courts trying criminal cases by local rule shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant in the county, who is arrested for, charged with, or taking an appeal from a conviction of a misdemeanor punishable by confinement or a felony. *See* Tex. Code Crim. Proc. Ann. art. 26.04(a) (West Supp. 2013). McBee states in his brief that his first trial counsel was appointed by the trial court, and the State does not dispute that contention. McBee was living in a tent in the woods at the time of his arrest. He was appointed counsel for his appeal, and the trial court granted his motion for a free transcript on appeal. *See Mayer v. State*, 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010);

10

*Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.) (If a court determines that a defendant is indigent, then he is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.).

The sum of $7,312.50 in attorney fees was taxed against McBee in the judgment. There is no evidence in the record that McBee's financial circumstances materially changed either after the appointment of counsel and before the trial of the case, or after the appointment of appellate counsel for appeal of the case. *See generally Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *In re Daniel*, 396 S.W.3d 545, 547-50 (Tex. Crim. App. 2013). We therefore sustain issue two and modify the judgment to delete that portion of the judgment requiring that McBee pay attorney fees in the amount of $7,312.50. Otherwise, the judgment is affirmed as modified.

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on February 26, 2014
Opinion Delivered April 9, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

11

*Why did the Judge Not sign this appeal?*

*PS This Is The Original Copy I Received.*